CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 3 0 2010

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:08-cr-00006-2 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| TROY DONAHUE BARKSDALE, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Troy Donahue Barksdale, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner argues that he is entitled to a reduction of his sentence based upon a one to one crack and powder cocaine sentencing ratio. After reviewing the record, I dismiss petitioner's § 2255 motion as untimely filed.

I.

I entered petitioner's criminal judgment in October 2008 for conspiring to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846. I sentenced petitioner to 140 months incarceration, to be served consecutively to any pre-existing sentence, followed by four years of supervised release. Petitioner did not note an appeal.

Petitioner filed the instant § 2255 motion in January 2010. Petitioner alleges that he is entitled to a reduction in his sentence because other federal courts are implementing a one to one sentencing ratio when sentencing defendants for crack cocaine offenses.

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their

sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

However, a one-year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment entered in 2008 became final after ten days if the defendant did not file an appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2008). Therefore, petitioner's judgment became final in October 2008 after petitioner did not file a notice of appeal. Accordingly, for purposes of § 2255(f)(1), petitioner had until October 2009 to timely file his § 2255 motion. However, he did not file the instant motion until January 2010.

The court advised petitioner that his § 2255 motion appeared to be untimely and

2

specifically requested argument or evidence addressing why I should consider the petition timely filed. In response, petitioner argues that he only became aware of the new one to one ratio in August 2009 after reading case law and, thus, the statute of limitations should run from August 2009. See 28 U.S.C. § 2255(f)(4). I find these arguments insufficient to start the statute of limitations in August 2009 or to equitably toll the statute of limitations. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (describing requirements for equitable tolling)). See also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that a § 2254 petitioner's unfamiliarity with legal process, even if caused by illiteracy, does not merit equitable tolling). The case petitioner relies on, United States v. Russell, No. 06-cr-72 (W.D. Pa. Aug. 12, 2009), is not applicable to petitioner. Russell involved a defendant in the process of being sentenced, but I already sentenced petitioner. Thus, August 2009 is not the starting date of petitioner's statute of limitations. Furthermore, Congress has not passed any law that authorizes me to retroactively reduce a convict's crack-cocaine related sentence. Therefore, petitioner filed his § 2255 motion more than a year after his conviction became final, and petitioner's explanation does not merit equitable tolling. Accordingly, I dismiss the motion as untimely filed.

III.

For the foregoing reasons, I dismiss the motion to vacate, set aside, or correct sentence as untimely filed. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying

3

order to the petitioner and counsel of record for the United States.

**ENTER**: This 30th day of April, 2010.

                                                  /s/ Jackson L. Kiser
                                                  Senior United States District Judge